942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvaro BECERRA, aka Alberto Barrera, Carlos, Gabriel, Carlos
Williams, Defendant-Appellant.
 No. 89-10424.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1991.
Decided Aug. 23, 1991.
 
 Before HUG, SCHROEDER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alvaro Becerra appeals his conviction following a jury trial of conspiring to distribute cocaine, 21 U.S.C. § 846, possessing cocaine with intent to distribute, id. at § 841, and using a telephone to facilitate cocaine trafficking, id. at § 843(b). He argues that his indictment should have been dismissed for being returned after the end of the authorized grand jury term. He also argues that the district court erred in refusing to suppress evidence taken during an airport detention, in admitting evidence of prior convictions and contemporaneous other crimes, in excluding statements as hearsay, and in denying motions for recusal. The district court had jurisdiction under 18 U.S.C. § 3231 and this court has jurisdiction of the timely appeal. 28 U.S.C. § 1291. We affirm the conviction.
 
 I. Grand Jury Term
 
 3
 Becerra argues that his indictment, which was returned in the twenty-fourth month of the grand jury's term, should have been dismissed because the maximum term of a grand jury was eighteen months under General Order No. 6 of the United States Court for the Northern District of California. However, Fed.R.Crim.P. 6(g) authorized the extension given to the grand jury by the district court.
 
 
 4
 We give district courts broad discretion to interpret, apply, and determine the requirements of their own local rules and general orders. United States v. Gray, 876 F.2d 1411, 1414 (9th Cir.1989), cert. denied, 110 S.Ct. 2168 (1990). Even when the district courts choose not to follow the literal requirements of their local rules, this court has upheld their actions absent a violation of statute or constitutional due process. See, e.g., United States v. DeLuca, 692 F.2d 1277, 1281 (9th Cir.1982) (transfer to different judge upheld despite failure to satisfy requirements of local rule); United States v. Torbert, 496 F.2d 154, 157 (9th Cir.) (assignment to judge upheld although random procedure outlined in general order not followed), cert. denied, 419 U.S. 857 (1974).
 
 
 5
 General Order No. 6 was passed before Rule 6(g) allowed for extensions and, consistent with the Federal Rules at the time it was passed, did not authorize extensions. However, the order, by its own terms, anticipated future changes in the Federal Rules and expressed the intent to honor those changes: "[T]he following amended plan is hereby adopted by this court, subject to ... such rules and regulations as may be adopted from time to time by the Judicial Conference of the United States." The district court did not abuse its discretion when it bypassed the literal requirements of its local rule and authorized an extension of the grand jury's term beyond eighteen months as allowed by Rule 6(g).[1]
 
 II. Airport Detention
 
 6
 Government officers may briefly detain an individual on less than probable cause if they have a reasonable suspicion, grounded in specific and articulable facts, that the individual is or has been involved in criminal activity. United States v. Hensley, 469 U.S. 221, 229 (1985). The government had a reasonable suspicion based on specific facts to stop and question Becerra. They knew that a 3-year old warrant for a man from Miami named Alberto Barrera, who was wanted in connection with a money laundering/narcotics investigation, was outstanding. Although Becerra was a few inches taller and about 25 pounds heavier than the description of Barrera, he was from Miami and he was using the alias "Alberto Barrera."
 
 
 7
 Government officials may conduct an individual to an office for further questioning and perform searches without probable cause if they secure the individual's voluntary consent to the relocation and the searches. United States v. Mendenhall, 446 U.S. 544, 557-58 (1980). Becerra willingly and expressly consented to accompany the officers to the airport customs office and to the search of his luggage.[2]
 
 
 8
 We affirm the denial of Becerra's motion to suppress the evidence obtained during the airport detention.
 
 III. Evidence of Prior Convictions
 
 9
 Whether admission of evidence of Becerra's prior convictions for drug trafficking and counterfeiting was proper is a close question. We commend the careful attention Judge Patel gave to the question and hold that the admission was not an abuse of discretion. Becerra "opened the door" to the admission of the highly prejudicial evidence of his earlier convictions, see United States v. Beltran-Rios, 878 F.2d 1208, 1211-13 (9th Cir.1989), by eliciting Agent Dybsky's opinion that Becerra was an "upper echelon" drug dealer, and then capitalizing on the apparent lack of support for the opinion--knowing full well that an important basis for the opinion that was known to Agent Dybsky at the time he sought the search warrant, the prior convictions, had been ruled inadmissible.
 
 IV. Evidence of Other Crimes
 
 10
 During Becerra's trial, the district court admitted a videotape of a meeting between Becerra and a government informant in Miami in which Becerra stated that he received a cocaine shipment every eight days and that he had thought the informant wanted 3000 kilos a month. The indictment charged Becerra with participation in a narcotics conspiracy that began no later than January 1986. The videotape was taken in November 1986. The indictment charged that Becerra's part in the conspiracy was to "participate[ ] in the importation of cocaine into the United States" which "facilitate[d] the distribution of cocaine to defendant Henderson and others " (emphasis added). The videotape proved that Becerra was indeed importing cocaine during the time period of the conspiracy and was direct evidence of the crimes charged. See United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 111 S.Ct. 1072 (1991). We affirm the district court's admission of the evidence.
 
 V. Hearsay
 
 11
 James Milton, who received and distributed cocaine from Henderson, testified that Henderson told him that Becerra was his source for cocaine. In response, the defense attempted to introduce recorded conversations in which Henderson said that Milton was a "big dummy," a liar, and never paid his rent. The defense argues that the statements were not hearsay because Becerra did not want to introduce the statements to prove that Milton was, in fact, a big dummy, a liar, and never paid his rent, but to show that Henderson would not have trusted Milton enough to tell him his cocaine source. Nevertheless, we affirm the district court's exclusion of the statements as hearsay and irrelevant.
 
 VI. Recusal
 
 12
 The only substantive grounds for arguing that Judge Patel should have recused herself are the government's ex parte motions made during a pretrial motion to suppress a wiretap and the alleged participation of Judge Patel with the prosecution in her Order to Show Cause why she should not sanction defendant's counsel for filing the original recusal motion. Denials of recusal motions are reviewed for abuse of discretion. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990).
 
 
 13
 The latter ground for recusal is first mentioned in the Reply Brief and therefore we decline to consider it. Concerning the ex parte motions, Judge Patel said the motions had been locked in a secretary's desk and that she had not read them until they were discovered and provided to defense counsel. Her statements dispel any appearance of impropriety. See United States v. Van Griffin, 874 F.2d 634, 637 (9th Cir.1989) (the appearance of impropriety when ex parte papers are discovered in the judge's possession is dispelled by the judge's unequivocal statement that the judge has not read them).
 
 
 14
 Judge Patel did not abuse her discretion in denying the recusal motions.
 
 CONCLUSION
 
 15
 We AFFIRM Becerra's conviction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 General Order No. 6 has since been changed and now expressly allows for extensions consistent with Rule 6(g)
 
 
 [2]
 This case is distinguishable from Florida v. Royer, 460 U.S. 491, 494 (1983), in which the defendant had acquiesced in requests to relocate and search his luggage, but had not consented